IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| WILLIAM BARFIELD, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | 09 C 0835 |
| | ) | |
| LEE RIKER,[1] | ) | |
|     Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner William Barfield's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the respondent's motion to dismiss the petition as time-barred are before the court. For the following reasons, the court finds that Barfield's petition is untimely and thus grants the respondent's motion to dismiss.

**I.    Background**

Petitioner William Barfield, prisoner number B05140, is currently in the custody of Warden Lee Ryker at the Lawrence Correctional Center in Sumner, Illinois. This case arises from the 1993 shooting death of Carlton McDaniel. *See People v. Barfield*, No. 1-99-2010 (1st Dist. 2001) (unpublished order). Barfield was arrested in California in connection with McDaniel's death four years later, and at trial, "[t]he arresting officer testified that [Barfield] denied killing any other person 'but that one.'" *Id*. at 2.

---

[1] The clerk is directed to amend the Respondent's surname to "Ryker" instead of "Riker," as Lee Ryker is the warden of the Lawrence Correctional Center where the petitioner is currently incarcerated.

### A. Direct Proceedings

After a bench trial in the Circuit Court of Cook County, Barfield was convicted of first degree murder and sentenced to a term of thirty-six years of imprisonment. Barfield appealed, the Illinois Appellate Court affirmed the trial court's judgment, and on October 3, 2001, the Illinois Supreme Court denied Barfield's petition for leave to appeal ("PLA"). *See People v. Barfield*, 196 Ill.2d 548 (Ill. 2001). Barfield does not appear to have filed a petition for a writ of certiorari with the United States Supreme Court.

### B. First State Post-Conviction Petition

On April 24, 2002, Barfield signed his first pro se state post-conviction petition pursuant to 725 ILCS § 5/122-1, *et seq*. This document was filed on May 2, 2002, and on June 11, 2002, the circuit court dismissed that petition as untimely, meritless, and frivolous. Barfield filed a motion to reconsider the dismissal order and for leave for his newly retained counsel to file an appearance. On January 27, 2003, while that motion was pending, Barfield's new attorney filed an amended postconviction petition. On March 4, 2003, the circuit court issued an order considering Barfield's arguments and again dismissing his petition. The Illinois Appellate Court affirmed on March 22, 2005.[2]

The parties' filings contain inconsistent information about whether Barfield filed a PLA in connection with his state post-conviction petition. The Illinois Supreme Court's records do not reflect that he did so. It is possible to read an ambiguous statement in Barfield's petition as an assertion that he filed a PLA which was denied on May 19, 2005. Given that Barfield also

---

[2] In his petition, Barfield asserts that the Illinois Appellate Court issued its decision affirming the trial court on May 19, 2005. *See* Petition at 3. However, the Illinois Appellate Court's decision is dated March 22, 2005, and file-stamped May 4, 2005.

asserts that the Illinois Appellate Court issued its decision on May 19, 2005, it is difficult to envision how – if this was true – the Illinois Supreme Court could have also denied a PLA on this same date. However, Barfield helpfully clarifies this point in his answer by noting that he did not file a PLA because his attorney allegedly failed to mail him the appellate court's decision in a timely manner. Response at numbered page 5, Docket No. 17 at CM/ECF page 9.[3]

### C. Second State Post-Conviction Petition

Next, Barfield filed a motion requesting leave to file a second post-conviction petition. The copy of the petition provided by the respondent is not date stamped. The respondent asserts that Barfield filed his motion on January 9, 2006, while Barfield contends that he filed it on February 7, 2006. The parties agree that the circuit court denied relief on February 22, 2006.

On June 28, 2006, Barfield mailed a late notice of appeal and moved for appointment of appellate counsel. The Illinois Appellate Court granted the motion and appointed counsel. Counsel then moved to withdraw. On March 28, 2008, the Illinois Appellate Court affirmed the circuit court's denial of Barfield's motion to file a second state post-conviction petition and allowed counsel to withdraw. Barfield sought a PLA, which was denied on September 24, 2008. *See People v. Barfield*, 229 Ill.2d 631 (Ill. 2008). Barfield does not appear to have filed a petition for a writ of certiorari with the United States Supreme Court.

---

[3] At this point, the dates calculated by the court diverge from those used by the respondent, as the respondent did not have the benefit of Barfield's answer clarifying the proceedings with respect to a PLA and thus accepted, arguendo, that Barfield filed a PLA on May 19, 2005.

### D. Federal Habeas Petition

On February 10, 2009, Barfield's habeas petition, as well as his motions for leave to proceed in forma pauperis and for appointment of counsel, were filed. The petition is undated, the motion for leave to proceed in forma pauperis is dated April 15, 2008, the trust fund affidavit from Barfield's place of incarceration is dated January 20, 2009, and his motion for appointment of counsel is dated January 8, 2009. Barfield's filings do not indicate when he gave them to prison officials for mailing or that he prepaid first-class postage. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts (inmates must "set forth the date of deposit [in the prison's mail system] and state that first-class postage has been prepaid").

## II. Discussion

A one-year statute of limitations applies to petitions for a writ of habeas corpus. 28 U.S.C. § 2244(d). The statute of limitations begins to run when the latest of several events occur, including the one applicable here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). As noted above, the Illinois Supreme Court denied Barfield's PLA in his direct appeal on October 3, 2001, and Barfield does not appear to have filed a petition for a writ of certiorari with the United States Supreme Court.

For statute of limitation purposes, if a habeas petitioner does not seek certiorari, his direct appeal concludes ninety days after the state court of last resort denies relief. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000). Thus, the one-year statute of limitations began to run ninety days after October 3, 2001, which is January 1, 2002. A properly filed state post-conviction petition stops the statute of limitations from running. 28 U.S.C. § 2244(d)(2). The

court will give Barfield the benefit of the mailbox rule and deem that his first state post-conviction petition was filed on April 24, 2002 (the date he signed it). There are 113 days between January 1, 2002, and April 24, 2002, so as of the date that Barfield filed his state postconviction petition, he had used up 113 days out of the one-year limitations period; *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (establishing anniversary date as last day to file habeas petition).

The Illinois Appellate Court issued its decision on Barfield's postconviction petition on March 22, 2005, and Barfield did not file a PLA. The Seventh Circuit has not yet addressed whether a habeas petitioner is entitled to toll the time in which he could have, but did not, file a PLA. *See Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008), *quoting Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000) ("It is unnecessary to decide, and we therefore reserve, the question whether time provided for filing a petition or appeal to a higher court is treated as time during which an application is pending, if the time expires without a filing"). The court will assume, without deciding, that tolling is available to see if this would affect the result.

Under Illinois Supreme Court Rule 315(b), Barfield had 21 days to file a PLA, or until April 12, 2005. Because Barfield did not file a PLA and the court is assuming, without deciding, that he is entitled to toll the time during which he could have done so, the limitations clock resumed ticking after April 12, 2005. Barfield did not file a petition for a writ of certiorari with the United States Supreme Court, and is not entitled to "toll[ing] during the 90 days he could have sought certiorari after the state supreme court denied leave to appeal in his postconviction proceedings." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008), *citing Lawrence v.*

*Florida*, 549 U.S. 327 (2007). This means that the limitations clock began to tick again on April 13, 2005, the day after his PLA was due.

The next possible moment for the clock to stop was January 9, 2006 (the date provided by the respondent for the filing of Barfield's second state post conviction petition, as the court will continue to give Barfield the benefit of every doubt by using the date that is most beneficial to him where the dates provided by the parties are different). January 9, 2006, is 272 days after April 12, 2005. Barfield had previously used up 113 days of the limitations period, so at this point, he had used up 385 days (272 + 113).

The respondent asserts that the second state post conviction petition was not properly filed under Illinois law and thus did not toll the limitations period. However, the court need not reach this issue, as the second state postconviction petition was filed after the statute of limitations had already expired. Thus, it could not help Barfield regardless of whether it was properly filed under Illinois law.

The next critical event was the filing of Barfield's federal habeas petition. The earliest possible date for this is April 15, 2008 (the date written on his motion for leave to proceed in forma pauperis). This is clearly well after the one-year limitations period expired. Accordingly, even when the court calculates the statute of limitations using the dates most favorable to Barfield, and even if the court assumes that the second state postconviction petition was properly filed and thus tolled the limitations period, his petition is still late.

The only possible argument Barfield could make is that he is entitled to equitable tolling of a portion of the limitations period due to his pro se status and the fact that he is incarcerated. Unfortunately for Barfield, however, the Seventh Circuit has repeatedly rejected this position.

*See, e.g., Tucker v. Kingston*, 538 F.3d 732, 734-35 (7th Cir. 2008) (collecting cases holding that "limited resources," "the lack of legal expertise," and a "prisoner's limited access to the prison law library" are not grounds for equitable tolling).

Moreover, to the extent that equitable tolling is available, to be entitled to take advantage of this doctrine, Barfield "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotations omitted). The court has carefully studied the entire record and finds that the only explanation for Barfield's current situation is a failure to understand the often complex rules used to calculate the due date of his federal habeas petition. This does not satisfy the high standard required by the Supreme Court, so even if equitable tolling was available, it would not be available to Barfield based upon the facts of this case. The court thus empathizes with Barfield's predicament, but finds that his habeas petition is barred by the statute of limitations.

## III.  Conclusion

For the above reasons, the respondent's motion to dismiss Barfield's petition as time-barred [#11] is granted. In addition, Barfield's motions for extensions of time [#15 & #16] are denied as moot. The court notes that litigants must furnish the court with an original plus a judge's copy of any motions to ensure that they are brought to the court's attention. In addition, the clerk is directed to amend the Respondent's surname to "Ryker" instead of "Riker," as Lee Ryker is the warden of the Lawrence Correctional Center where the petitioner is currently

incarcerated. Finally, the clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.


DATE:   August 4, 2009          _____
                                Blanche M. Manning
                                United States District Judge